**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | |
|---|---|
| DERLE CUELLAR, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **Case No. 20-cv-00207** |
| vs. | **Hon. James Wesley Hendrix** |
| UNITED CONTRACTOR SERVICES, LLC, | |
| *Defendant*.                                              / | |

<u>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND**</u>
<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Defendant, United Contractor Services, LLC. ("UCS"), by and through its attorneys, Jackson Lewis P.C., hereby submits its Answer and Affirmative and Other Defenses to Plaintiff's "Class Action Complaint", as follows:

<u>**CLASS ACTION COMPLAINT**</u>

1.      Named Plaintiff, Derle Cuellar ("Plaintiff"), files this Class Action Complaint alleging United Contractor Services, LLC ("United" or "Defendant") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide him with a COBRA notice that complies with the law.

<u>**ANSWER**</u>**: UCS admits only that Plaintiff purports to bring the Complaint on behalf of himself and similarly situated present and former employees and admits that Plaintiff alleges a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").**

2.      Despite having access to the Department of Labor's Model COBRA form, United chose not to use the model form— presumably to save United money because COBRA coverage is inherently expensive for employers. A copy of the Model Form is attached as Exhibit A.

**ANSWER: UCS admits only that the United States Department of Labor ("DOL") has issued a model notice.  UCS denies the remaining allegations in Paragraph 2.**

3.      In fact, according to one Congressional research service study, "...[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." *Health Insurance Continuation Coverage Under COBRA*, Congressional Research Service, Janet Kinzer, July 11, 2013.

**ANSWER: Paragraph 3 consists of material quoted from a legal periodical and is not directed at Defendant.  Defendant respectfully refers the Court to the quotation's source for its true and accurate content.  To the extent a response is required, the allegations are denied.**

4.      The deficient COBRA notices at issue in this lawsuit both confused and misled Plaintiff. It also caused Plaintiff economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

**ANSWER: UCS denies the allegations in Paragraph 4.**

5.      United, the plan sponsor and plan administrator of the United Plan (the "Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with

adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

**ANSWER: UCS denies the allegations in Paragraph 5.**

6.      Simply put, Defendant's COBRA notice and process violates the law. Rather than including all information required by law in a single notice "written in a manner calculated to be understood by the average plan participant," Defendant's COBRA notification process instead offers only part of the legally required information.

**ANSWER: UCS denies the allegations in Paragraph 6.**

7.      For example, Defendant's Notice, which is not dated, attached as Exhibit B, violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice *itself* never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes).

**ANSWER: Paragraph 7 consists of argumentative assertions and/or conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 7 references a document, UCS avers that the document itself is the best evidence of its contents.  UCS denies Plaintiff's characterization of the document.**

8.      Additionally, Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because the COBRA notice itself fails to include an address indicating where COBRA payments should be mailed. It also violates 29 C.F.R. § 2590.606-4(b)(4)(i) because the COBRA enrollment notice fails to identify the plan administrator. And, Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because it fails to include information on how COBRA coverage can be lost prematurely, including, for example, because of late

---

payments. Furthermore, the COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

**ANSWER: Paragraph 8 consists of argumentative assertions and/or conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 8 references a document, UCS avers that the document itself is the best evidence of its contents.  UCS denies Plaintiff's characterization of the document.**

9.      Because Defendant's COBRA enrollment notice omits the above critical pieces of information, it collectively violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant." Without information on *how* to elect COBRA, or *where* to send payments, or *who* is the Plan Administrator, or *what* happens if timely payments are not made, Defendant's COBRA enrollment notice simply is not written in a manner calculated to be understood by the average plan participant.

**ANSWER:  Paragraph 9 consists of argumentative assertions and/or conclusions of law to which no response is required, and is therefore denied. Insofar as paragraph 9 references a document, UCS avers that the document itself is the best evidence of its contents.  UCS denies Plaintiff's characterization of the document.**

10.     As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

**ANSWER: UCS denies the allegations in Paragraph 10.**

## JURISDICTION, VENUE, AND PARTIES

11.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

**ANSWER:  UCS neither admits nor denies the allegations contained in Paragraph 11 because they state a legal conclusion to which no response is required. Answering further, Defendant**

does not contest this Court's jurisdiction, but denies any allegation or inference that it violated any law related to Plaintiff.

12.    Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this District, venue is also proper.

**ANSWER**:  **UCS neither admits nor denies the allegations contained in Paragraph 12 because they state a legal conclusion to which no response is required. Answering further, Defendant does not contest this venue, but denies any allegation or inference that it violated any law related to Plaintiff.**

13.    Plaintiff is a former employee of Defendant and was covered based on his health plan through Defendant. Plaintiff was thus a participant/beneficiary in the Plan before his termination on November 30, 2017 which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3). Importantly, Derle Cuellar was not terminated for gross misconduct.

**ANSWER: UCS denies the allegations in Paragraph 13, except to admit that Plaintiff was a participant/beneficiary in the Plan before his termination, that Plaintiff's termination in 2017 was a qualifying event within the meaning of 29 U.S.C. § 1163(2), and that Plaintiff was terminated no later than November 30, 2017.**

14.    Defendant is a corporation with its headquarters in Georgia but is registered to do business in the State of Texas. Defendant employed more than 20 employees who were members of the Plan in each year from 2011 to 2017. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries and is an

employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

**ANSWER: Paragraph 14 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, UCS denies the allegations in Paragraph 14, except to admit that UCS is a Georgia Limited Liability Company and is registered to do business in Texas.**

## FACTUAL ALLEGATIONS

*COBRA Notice Requirements*

15.     The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

**ANSWER: Paragraph 15 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that ERISA contains certain provisions relating to continuation of health coverage and the statute speaks for itself and is the best evidence of its terms.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

16.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event ... to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

**ANSWER: Paragraph 16 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that COBRA contains certain provisions relating to continuation of health coverage and the statute speaks for itself and is the best evidence of its terms.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

17.      Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

**ANSWER**:  **UCS neither admits nor denies the allegations contained in Paragraph 17 because they state a legal conclusion to which no response is required. Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

18.      Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

**ANSWER: Paragraph 18 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that COBRA contains certain provisions relating to notice of continuation of health coverage and the statute speaks for itself and is the best evidence of its terms.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

19.      COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

**ANSWER: Paragraph 19 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that COBRA contains certain provisions relating to notice of continuation of health coverage and the statute speaks for itself and is the best evidence of its terms.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

20.      The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 as follows:

> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

---

i.  The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits

ii.  Identification of the qualifying event;

iii.  Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

iv.  A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

v.  An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

vi.  An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

vii.  A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES – PAGE 8

description of the coverage or by reference to the plan's summary plan description;

viii.      An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

ix. A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

x. In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

xi. A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

xii. A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

xiii.      An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

xiv.    A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

**ANSWER: Paragraph 20 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that COBRA contains certain provisions relating to notice of continuation of health coverage and the statute and interpretive regulations speaks for themselves and are the best evidence of their respective terms.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

21.    To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. It is attached hereto as Exhibit A. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

**ANSWER: Paragraph 21 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that the DOL has issued a model notice and that COBRA contains certain provisions relating to notice of continuation of health coverage and the statute or regulation speaks for itself and is the best evidence of its terms.   Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

22.    In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant

failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

**ANSWER: Paragraph 22 consists primarily of conclusory legal premises for which no response is required. To the extent a response is required, it is admitted that COBRA contains certain provisions relating to notice of continuation of health coverage and the statute (including the regulations promulgated thereunder) speaks for themselves and are the best evidence of their respective terms. Except as elsewhere expressly admitted, Defendant denies the remaining allegations, including that use of the DOL Model Notice is mandatory.**

*Defendant's Notice Is Inadequate and Fails to Comply with COBRA*

23.     Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Defendant authored and disseminated a notice deviating from the model form in violation of COBRA's requirements which failed to provide Plaintiff notice of all required coverage information, as explained further below. A copy of Defendant's first notice is attached hereto as Exhibit B. Among other things:

    a.    Exhibit B, violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);

    b.    Exhibit B, violates 29 C.F.R. § 2590.606-4(b)(4)(xi) because the notice fails to provide the amount that each qualified beneficiary will be required to pay for continuation coverage;

    c.    Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide what consequences, if any, would result from a delayed payment or the address to which payments should be sent;

    d.    Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(iii) because it fails to provide a description by status or name of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage;

    e.    Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name, address and telephone number of the party responsible

under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator;

    f.    Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information. There is no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act; and, finally,

    g.    Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.

**ANSWER: UCS neither admits nor denies the allegations contained in Paragraph 23 because it lacks knowledge or information that Exhibit B to Plaintiff's Complaint was the COBRA notice provided to Plaintiff.  UCS denies the remaining allegations in Paragraph 23, including that is violated any law with respect to Plaintiff or that it provided deficient COBRA notices.**

24.    Defendant's COBRA notice confused Plaintiff and resulted in his inability to make an informed decision as to electing COBRA continuation coverage. In fact, Plaintiff was unable to elect COBRA because of the confusing and incomplete United COBRA notice. For example, the COBRA's notice omission of a payment address left him without information on where to mail payment if elected.

**ANSWER: UCS denies the allegations in Paragraph 24.**

25.    As a result, Plaintiff could not make an informed decision about his health insurance and lost health coverage.

**ANSWER: UCS denies the allegations in Paragraph 25.**

*Plaintiff's First Concrete Injury: Informational Injury*

26.    Furthermore, Defendant's deficient COBRA notice caused Plaintiff an informational injury when Defendant failed to provide him with information to which he was entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. §

2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Defendant injured Plaintiff and the class members he seeks to represent by failing to provide all information in its notice required by COBRA.

**ANSWER: UCS denies the allegations in Paragraph 26.**

*Plaintiff's Second Concrete Injury: Loss of Insurance Coverage*

27.      Besides the informational injury suffered, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Defendant's deficient COBRA election notice. Besides a paycheck, insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is a tangible and an economic injury.

**ANSWER: UCS denies the allegations in Paragraph 27.**

*Plaintiff Derle Cuellar*

28.      Plaintiff Derle Cuellar is former employee of Defendant and was a participant in Defendant's health plan.

**ANSWER: UCS denies the allegations in Paragraph 28, except to admit that Plaintiff is a former employee who participated in Defendant's group-health plan.**

29.      Plaintiff's employment was terminated on November 30, 2017. Importantly, he was not terminated for gross misconduct.

**ANSWER: UCS denies the allegations in Paragraph 29, except to admit that Plaintiff was terminated no later than November 30, 2017.**

---

30.     Following this qualifying event, Defendant mailed Plaintiff the deficient COBRA enrollment notice.

**ANSWER: UCS denies the allegations in Paragraph 30, except to admit that it issued a COBRA notice through a third-party provider after Plaintiff's termination.**

31.     The deficient COBRA notice that Plaintiff received was violative of COBRA's mandates for the reasons set forth above.

**ANSWER: UCS denies the allegations in Paragraph 31.**

32.     Defendant has in place no administrative remedies Plaintiff were required to exhaust prior to bringing suit.

**ANSWER: Paragraph 32 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is denied.**

33.     Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

**ANSWER: Paragraph 33 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is denied.**

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> All participants and beneficiaries in the Defendant's Plan who were sent a COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage.

**ANSWER: UCS admits only that Plaintiff purports to bring this action as a class action, but denies that Plaintiff's Complaint presents claims suitable for class resolution.**

35.     [Plaintiff's Complaint omits a Paragraph 35.]

**ANSWER:  Not applicable.**

36.     [Plaintiff's Complaint omits a Paragraph 36.]

**ANSWER:  Not applicable.**

37.     [Plaintiff's Complaint omits a Paragraph 37.]

**ANSWER:  Not applicable.**

38.     [Plaintiff's Complaint omits a Paragraph 38.]

**ANSWER:  Not applicable.**

39.     [Plaintiff's Complaint omits a Paragraph 39.]

**ANSWER:  Not applicable.**

40.     No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

**ANSWER: Paragraph 40 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is denied.**

41.     <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

**ANSWER: UCS denies the allegations in Paragraph 41.**

42.     <u>Typicality:</u> Plaintiff's claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiff was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiff received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

**ANSWER: UCS denies the allegations in Paragraph 42.**

43.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

**ANSWER: UCS denies the allegations in Paragraph 43.**

44.     Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.   Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

b.   Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

c.   Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d.   The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e.   Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

**ANSWER: UCS denies the allegations in Paragraph 44, including all subparts.**

45.     Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate

the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

**ANSWER: UCS denies the allegations in Paragraph 45.**

46.     Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records.

**ANSWER: UCS neither admits nor denies the allegations contained in Paragraph 46 because it lacks knowledge and information sufficient to form a belief as to the truth of the allegations.. Answering further, Defendant denies any allegation or inference that it violated any law related to Plaintiff or the purported class members.**

## CLASS CLAIM I FOR RELIEF

*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

47.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

**ANSWER: Paragraph 47 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, it is admitted that there is a 29 U.S.C. § 1167(1) and the statute includes the definition of "group health plan" and speaks for itself and is the best evidence of its terms.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

48.     Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

**ANSWER: Paragraph 48 consists primarily of conclusory legal premises for which no response is required.  To the extent a response is required, Defendant denies that it is the plan sponsor or plan administrator.  Except as elsewhere expressly admitted, Defendant denies the remaining allegations.**

49.     Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

**ANSWER: UCS denies the allegations in Paragraph 49, except to admit that Plaintiff experienced a "qualifying event" no later than November 30, 2017.**

50.     On account of such qualifying event, Defendant sent Plaintiff and the Class Members a COBRA notice.

**ANSWER: UCS denies the allegations in Paragraph 50, except to admit that it provided Plaintiff a COBRA notice consistent with applicable law.**

51.     The COBRA notice that Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

**ANSWER: UCS denies the allegations in Paragraph 51.**

52.     These violations were material and willful.

**ANSWER: UCS denies the allegations in Paragraph 52.**

53.     Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

**ANSWER: UCS denies the allegations in Paragraph 53.**

## **STATEMENT OF ADDITIONAL DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff and the purported class members, and expressly denying any and all wrongdoing, Defendant alleges the following additional and/or affirmative defenses.  Accordingly, in further response to the Complaint, Defendant avers as follows:

1.      Plaintiff is not entitled to trial by jury.

2.      Plaintiff fails to state a claim against the Defendant upon which relief may be granted.

3.      Plaintiff's claims are or may be barred, in whole or in part, for lack of standing to assert such claims, including a lack of standing because of no Plaintiff or putative class member has suffered any injury in fact from Defendant's conduct.

4.      Any alleged loss, injury and/or damages suffered by Plaintiff was not caused by, or a result of, any fault, act, or omission by Defendant, but was caused by circumstances, persons, or entities, including Plaintiff, for which Defendant is not responsible, and for which Defendant cannot be held liable.

5.      Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to exercise due care or due diligence and/or failure to act reasonably to protect himself from, or to mitigate, any alleged losses.

6.      Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to tender a COBRA premium payment.

7.      Defendant is not liable to Plaintiff or members of the purported class because the COBRA notice as issued to Plaintiff satisfies the requirements of ERISA.

8.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, or statutes of repose.

9.      Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of laches, waiver, release, acquiescence, and/or ratification.

10.      Plaintiff has failed to join one or more indispensable parties.

11.      Plaintiff's putative class-action claims are barred because Plaintiff cannot satisfy the requirements of Rule 23(a) or Rule 23(b) of the Federal Rules of Civil Procedure.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert any additional affirmative defenses and matters in avoidance that may be discovered or disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant prays for a judgment against Plaintiff as follows:

a.      Dismissing Plaintiff's claims with prejudice and dismissing the Complaint;

c.      An order awarding costs to Defendant; and

d.      Any such other and further relief as the Court deems just and proper, including an award of attorneys' fees.

Dated:  September 25, 2020

DATED: September 25, 2020          Respectfully submitted,

By: _/s/Danielle Alexis Matthews_

Danielle Alexis Matthews (Local Counsel)
State Bar No. 24027915
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Danielle.Alexis.Matthews@jacksonlewis.com

Charles F. Seemann III (Application For Admission
Pending)
State Bar Number 24084863
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone: (504) 208-1755
Charles.Seemann@jacksonlewis.com

Blaine A. Veldhuis (Application for Pro Hac
Admission To Be Filed)
Michigan State Bar No. P-78840
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
Blaine.Veldhuis@jacksonlewis.com

**JACKSON LEWIS P.C.**

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas on September 25, 2020, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

SHAMIS & GENTILE, P.A.
Andrew Shamis, Esq.
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132

I hereby further certify that a true and correct copy of the foregoing pleading was sent electronically via email to the following attorneys of record whose Application for Pro Hac Vice have yet to be filed:

Gary M. Klinger
gklinger@kozonislaw.com
KOZONIS & KLINGER, LTD.
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60630

Rachel Dapeer
rachel@dapeer.com
DAPEER LAW, P.A.
300 S. Biscayne Blvd, #2704
Miami, FL 33131

Scott Edelsberg
scott@edelsberglaw.com
EDELSBERG LAW, PA
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180

/s/ Danielle Alexis Matthews
Danielle Alexis Matthews